USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BROSTROM TANKERS AB,

           Plaintiff,

- against -

PROJECTOR S.A.,

           Defendant.

1:08-cv-05694-RJH

**ORDER**

      Plaintiff Brostrom Tankers AB has petitioned the Court to recognize and enforce an arbitral award issued in London on November 5, 2008. (*See* Ex. 3 to Decl. of Michael Brooks (Nov. 12, 2008) ("London Award").) On June 24, 2008, plaintiff filed a verified complaint seeking an order for process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. On June 30, 2008, the Court issued the requested order. Defendant has not filed an answer, opposed plaintiff's petition, responded to plaintiff's demand for arbitration, or appeared in arbitral proceedings in London.

      The Federal Arbitration Act ("FAA") provides that if a case is initiated via Rule B attachment, "the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award." 9 U.S.C. § 8 (2006). Article 3 of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards in turn obligates the United States to "recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon," subject to certain conditions set out in the Convention.

Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3.

The United States enforces the Convention through domestic legislation. Specifically, the FAA provides that:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207 (2006). "Confirmation under the Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm. A district court confirming an arbitration award does little more than give the award the force of a court order." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007).

The Court has reviewed the record and cannot identify any ground for refusing to recognize or enforce the London Award. Plaintiffs' petition |9| is therefore granted.

SO ORDERED.

Dated: New York, New York
February 9, 2009

Richard J. Holwell
United States District Judge